IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WILLIAM A. PARRISH, JR.,

                Petitioner,      :      Case No. 3:16-cv-486

  - vs -                          District Judge Walter Herbert Rice
                                      Magistrate Judge Michael R. Merz

WARDEN, Marion
  Correctional Institution,

                                  :

                Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Respondent's Motion to Dismiss on grounds that Petitioner's claims are unexhausted, procedurally defaulted, or not cognizable in federal habeas corpus (ECF No. 19). Petitioner opposes the Motion and has also objected (ECF No. 26) to the Magistrate Judge's Decision and Order denying his renewed Motion for Evidentiary Hearing (ECF No. 24). Judge Rice has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 28).

Petitioner pleads the following thirty-two Grounds for Relief:

> **GROUND ONE:** Petitioner was denied his right to a direct appeal from his conviction when the State failed to meet the requirements of Equal Protection and Due Process Clause of the United States Constitution, Amendment Fourteen.
>
> **Supporting Facts:** The trial court conspired with other public official to prevent the Petitioner from having a meaningful direct appeal by deliberately filing an incomplete trial transcript to the Court of Appeals with missing testimony of the States only witness which was proven to perjured, and missing testimony of character witnesses, and a total of (476) large gaps in the trial transcript, and

1

a erroneous certification of service attached to the trial transcript in somebody else name and case number which prevented appointed counsel from filing an appellate brief. By the States failure to file a complete record for two (2) years and six (6) month and then deny the Petitioner access to it, knowing that he would be unable to file a appellate brief, then dismiss the Petitioner appeal for failure to prosecute, violated Petitioners Fourteenth Amendment. Exhaution requirement should be waived, and to further litigate this matter in State court would be futile because the Supreme Court has ruled that the clerk of Court is not required to provide an indigent defendant with his personal copy of the transcript in addition to the copy filed with the Court of Appeals. State ex rel Greene v. Enright(1992) 63 Ohio St.3d 729, 732, 590 N.E. 2d 1257. The Supreme Court of Ohio has also decided that, if the Appellant chooses to proceed pro se on direct appeal he relinquished the ability to gain access to the transcript by refusing the assistance of counsel. In re Greene 506 U.S. 1025.

**GROUND TWO:** Petitioner was denied effective assistance appellate counsel, in violation of Six, Fourteenth Amendment of the U.S. Const.

**Supporting Facts:** Through out the Petitioner appeal five court appointed attorneys where ineffective for failure to file a brief, and failed to have the record corrected which denied the Petitioner a direct appeal.

**GROUND THREE:** Court of Appeals abused it's discretion by allowing (5) court appointed attorneys to with-draw.

**Supporting Facts:** Five court appointed attorneys where appointed to represent the Petitioner and one attorney, Chris Wesner, was appointed twice and removed both times for no known reason. (Exhibit A) Shows that Chris Wesner was appointed twice. These actions committed by the Court of Appeals caused a severe, excessive, unexcusable delay processing the Petitioners direct appeal. Failure of the Court of Appeals to appoint effective counsel forced the Petitioner to proceed pro se.

**GROUND FOUR:** Court of Appeals abused it's discretion when it gave the trial court an order to provide the Petitioner with a copy of the record, but when the trial court violated the order the Court of appeals reversed there order.

**Supporting Facts:** On December 6th, 2013, Court of Appeals ordered the trial court to prepare a CD-ROM that has PDF versions

of the trial transcript & proceedings and mail it to the Petitioner. This order was made directly to the trial Judge Steven K. Dankof. That order was violated and the Court of Appeals reversed the order.

**GROUND FIVE:** Petitioner was denied his right to a fast & speedy appeal in violation of Due Process of the State and Federal Constitutions, U.S. Const. Amendment VI, XIV; Section 10, 16, Art I, Ohio Const.

**Supporting Facts:** Petitioner filed a timely notice of appeal on July 17, 2012, after the failure of court appointed attorneys, it was discovered by the Petitioner that the record filed to the court of appeals was deliberately altered by the trial court where omitted testimony of the victims where he admitted to lying under oath, and omitted testimony of petitioners character witnesses, and the deliberate act of filing transcript with a certification of service with another persons name and case number on it. These actions committed by the State prevented appointed counsel from filing a merit brief, which severely prejudice the Petitioner by the excessive, unexcusable delay that resulted from the erroneous incomplete record filed by the trial court.

**GROUND SIX:** Petitioner was denied his statutory right to a fast & speedy trial right under the Six Amendment of the U.S. Const.

**Supporting Facts:** On September 15th, 2011, Petitioner was arrest for the listed charges. On January 13th, 2012, Petitioner attended a pre-trial hearing, during that hearing, Judge Steven K. Dankof and appointed counsel Jay Adams mislead the Petitioner by telling him, on the record, that he did not have the right to a fast & speedy trial because of a unissued probation holder from another county. It was discovered by the Petitioner that he did have a right to a fast & speedy trial. On May 30th, 2012, a motion to Discharge for Delay in Trial was filed, and the Petitioner had served a total of 256 days in the Montgomery County Jail, and had not signed any kind of time waiver, and was being held solely on the listed charges. A hearing was requested, but the motion was not taken inconsideration, and was over-ruled on May 31st, 2012, the next day, and without essential findings.

**GROUND SEVEN:** The trial court abused it's discretion and violated Petitioners Due Process Rights by denying him a Bill of Particulars.

**Supporting Facts:** On January 13th, 2012, the Petitioner attended a pre-trial hearing, during that hearing Petitioner verbally requested to be provided with a Bill of Particulars because the indictment lack vital information on how the listed crimes where committed. The indictment just tracked the statutory language, and the Petitioner discovery pack contain a 11 page police report. Petitioner constantly complained about the lack of information discovery pack contained, and the Petitioner was told that the prosecutor was holding back some of the discovery. This was stated by attorney Eugene Robinson, and this information was presented to the trial judge. The trial judge and attorney Jay Adams told the Petitioner that the Montgomery County Prosecutors Office does not provide defendants with a Bill of Particulars, which denied the Petitioner the right to a fair trial.

**GROUND EIGHT:** Petitioners constitutional rights where violated and denied a fair trial when prosecutor, John C. Amos, called to the Montgomery County Jail and had the Petitioner placed in isolation on phone restrictions so that he could not contact potential witnesses.

**Supporting Facts:** On or about the Month of March, 2012, prosecutor John C. Amos called the Montgomery County Jail and had the Petitioner placed in isolation. The next pre-trial hearing the indictment was present to the trial judge, Steven K. Dankof, and he called the County Jail and had the Petitioner placed back in regular population.

**GROUND NINE:** Petitioner Due Process rights where violated and denied a fair trial when the lead Detective, Christen Beane harassed each of the Petitioners witnesses before trial.

**Supporting Facts:** Right before the Petitioner trial Det. Beane went to each of the Petitioners witnesses residence with the demeanor of intimidation, tried to force them to write a statement against the Petitioner. This incident was presented to the trial judge, Steven K. Dankof, informing him of Det. Beane misconduct, but he refuse to address the issue and stated, "you will have to take that up with her supervisor".

**GROUND TEN:** The trial court violated a higher court order in violation of Title 18 USCS §402. Contempts Constituting Crimes when it disobeyed an order from the Court of Appeals.

**Supporting Facts:** On December 6th, 2013, the Second District Court of Appeals of Montgomery, Ohio ordered the trial court to

prepare a CD-ROM with PDF versions of the trial transcript & proceedings be mailed to the Petitioner at the expense of the State. The trial court refuse to provide the Petitioner with the CD-ROM, and when the Petitioner presented the issue to the Court of Appeals to hold Judge Steven K. Dankof in contempt, Appeals Court reversed there order.

**GROUND ELEVEN:** Petitioner did not knowingly and intelligent waive his right to counsel under U.S. Const. VI.

**Supporting Facts:** Petitioner was not advised that he would be responsible for the attendance of the Petitioners expert witness which the Petitioner had no knowledge of. During trial it was discovered that the expert witness was not going to show up to testify on behalf of the Petitioner. Expert witness was subpoena by the Petitioner for the sole purpose to interpret the victims medical records, because the victim claimed he was shot, but the report in the medical record contradict that claim. The trial court would not hold the expert witness in contempt for not showing and would not grant an continuance to locate another expert witness.

**GROUND TWELVE:** Trial court abused it's discretion in denying the Petitioner motion to suppress evidence.

**Supporting Facts:** On April 9th, 2012, a motion to suppress was filed and a evidentiary hearing was requested to suppress photo's that attorney Lucas Wilder told the Petitioner that the prosecutor have, and that some photo's of the victims wounds taken by the victims mother at there residence, and suppress the victims conflicting statements he made.

**GROUND THIRTEEN:** The trial court violated the Petitioners Due Process rights when it denied the Petitioner the opportunity to ask the jury supplemental questions.

**Supporting Facts:** On June 1st, 2012, final pre-trial hearing, the trial Judge, Steven K. Dankof, advised the Petitioner that, he will not allow him to ask the jury any questions during the voir dire. Petitioner objected, and stated, how could he receive a fair trial if he could not question the jury before peremptory challenges. Then the Petitioner asked the judge why was he not allowed to ask the jurors any questions? Judge Steven K. Dankof stated, "I'm not ging to let you waste the jurors time with your silly questions".

**GROUND FOURTEEN:** Petitioner was denied Due Process when the prosecutor constructively amended the indictment during trial.

**Supporting Facts:** During trial the prosecutor stated several times that the Petitioner car-jacked, stoled the victims vehicle, which the charge of Grand Theft of a Motor Vehicle was not listed in the indictment. Petitioner objected, but it was over-ruled.

**GROUND FIFTEEN:** Prosecutor misconduct was committed and the trial court error by allowing the prosecutor to elicit hearsay testimony from the States witness Detective Christen Beane.

**Supporting Facts:** In Det. Beane report she stated that a unknown female told her that the Petitioner was the suspect in two shootings which led directly to the Petitioners arrest. Before trial a motion was filed requesting the identification of this witness on May 24th, 2016. In response of the request, the State states that the identity of said witness was unknown, and the motion was denied on June 8th, 2012. During the trial, Det. Beane testified, and the prosecutor asked Det. Beane how the Petitioner became a suspect, a unknown prostitute said that the Petitioner was the one who committed the listed offenses. Petitioner objected and stated, "is'nt that hearsay your honor". The objection was over-ruled.

**GROUND SIXTEEN:** Prosecutor misconduct was committed and Petitioners Due Process rights where violated when the prosecutor knowingly used perjury testimony to gain a conviction, and allowing it to go uncorrected when it appeared.

**Supporting Facts:** During trial, on cross examination by the Petitioner, the victim, the States only witness and evidence, testified under oath that he had lied at the preliminary hearing, and the prosecutor let this testimony go uncorrected. Before trial, appointed counsel Lucas Wilder informed prosecutor John C. Amos that the victim had lied under oath at the preliminary hearing.

**GROUND SEVENTEEN:** The trial court abused it's discretion and violated the Petitioners Due Process right when failed to enter a motion of Motion for Judgment of Acquittal.

**Supporting Facts:** During closing arguments the Petitioner stated to the jury, "how could you find me guilty when you heard the victim tell you that he had lied under oath at the preliminary hearing". Then the Petitioner began to read the perjury statue to the

jury, but the trial judge intervene and said, "Mr. Parrish, you do not have to go through that because we already know what Mr. Huff (the victim) did, and you did a very good job of impeaching his testimony. After the trial court concluded that the victims testimony was perjured and impeach, and the only evidence the State presented against the Petitioner, the trial court had a mandatory duet to enter a Judgment of Acquittal.

**GROUND EIGHTTEEN:** Petitioners conviction where not supported by sufficient evidence and was against the manifest weight of evidence.

**Supporting Facts:** The sole piece of evidence was from the victim who had admitted to lying under oath at the preliminary hearing.

**GROUND NINETEEN:** Petitioner was denied Due Process when the prosecutor suppressed exculpatory evidence.

**Supporting Facts:** The prosecutor repeatedly refused to hand-over photo's of the victims alleged gun shot wound. Two demand for discovery was filed, one request specifically asking for the photo's filed on May 24, 2012. On June 1, 2012, the trial court granted the request for the medical records, but denied the request for the photo's. During trial the prosecutor was permitted to enter the photo's as evidence, over the Petitioners objections.

**GROUND TWENTY:** The trial court errored when over-ruling the Petitioner motion for acquittal Crim. R. 29(C).

**Supporting Facts:** It was proven before trial and during trial that the victim had committed perjury, and the trial court had concluded that the victims testimony was perjured and also impeached, and the motion for acquittal should have been granted.

**GROUND TWENTY-ONE:** The trial court Lack Subject Matter Jurisdiction when the prosecutor knowingly used perjured testimony to indict the Petitioner.

**Supporting Facts:** One September 23, 2011, the victim testified at the preliminary hearing under oath that he did not consume any alcohol on the night the crime was committed against him. Before the victim testified the State had possession of the medical records, (Exhibit B) because on September 20, 2011, in Det. Beanes notes she stated that the medical records are coming for the victim. The medical record prove that the victim had lied under oath, because the victims lab results came back that his ethanol value was 175

which mad him double over the states limit. The prosecutor know that he had lied before he presented the case to the Grand Jury, because the prosecutor with-held the victims medical records until (3) days before trial.

**GROUND TWENTY-TWO:** Petitioners Due Process rights were violated when the trial court failed to give the jury instructions on how to rule.

**Supporting Facts:** Before closing arguments, and after closing arguments, the trial court intentional did not give the jury any instruction.

**GROUND TWENTY-THREE:** Brady violation was committed and denied the Petitioner a fair trial.

**Supporting Facts:** The state had in custody the Petitioners co-defendant when she was arrested in Terre Haute, IN. She had waived extradition (Exhibit C) willing to come back to Ohio, but the prosecutor dismissed the charges (Exhibit D) against her without giving the Petitioner the opportunity to question her after she stated in the police report that she knows who the person is that committed this crime. When asking the prosecutor on the where abouts of co-defendant, prosecutor stated that he had no knowledge.

**GROUND TWENTY-FOUR:** The prosecutors misconduct violated the Petitioners Due process and denied him a fair trial.

**Supporting Facts:** Prosecutor deliberately withheld the victims medical records (3) days before trial. When appointed counsel asked the prosecutor for those medical records in a e-mail (Exhibit E), the prosecutor was untruful and stated that Det. Beane never got the medical records, but in her notes (Exhibit B) she indicated that the medical records are coming for victim.

**GROUND TWENTY-FIVE:** The trial court violated the Petitioners Equal Protection Rights by systematic exclusion of African Americans from the Petitioner Grand Jury proceedings, and from the Petitioner jury trial.

**Supporting Facts:** Before the commencement of the Petitioner trial the jury pool consisted of one African American, and the trial court let him excuse himself, which left the Petitioner with a all white jury pool. The Petitioner requested to have at-least one African American seated on the jury for the purpose of identifing

certain characteristics of blacks. That request was denied and the trial judge stated that there was'nt any blacks available. The jury pool failed to represent a fair cross section of the community.

**GROUND TWENTY-SIX:** Petitioner was denied the right to a fair trial when the prosecutor used the Petitioners prior conviction to impeach the Petitioners character witnesses.

**Supporting Facts:** During trial the proseutor question the Petitioners character witnesses about other crimes committed by the Petitioner to demonstrate Petitioners bad character, and not to prove that he committed the indicted offences.

**GROUND TWENTY-SEVEN:** The trial court failure to properly file the jury verdict forms denied the Petitioner the opportunity to challenge the error they contain.

**Supporting Facts:** The trial court abused it's discretion by deliberately not filing the jury verdict forms. It has been discovered by the Petitioner that the lead Detective in this case, Christen Beane, wrote guilty on the verdict forms after the jurors signed them. The hand-writing (Exhibit F) on the verdict matches the hand-writing on the police (Exhibit G) report written out by Det. Beane.

**GROUND TWENTY-EIGHT:** The Jury Verdict forms that were submitted to the jury were highly prejudicial to the Petitioner.

**Supporting Facts:** The Jury Verdict forms contain statutory definition of the listed offense which makes them viod.

**GROUND TWENTY-NINE:** The trial court error when it failed to properly file the exhibits that were presented at trial:

**Supporting Facts:** The trial court failed to file the medical records, and the preliminary hearing transcript as exhibits. The petitioner used these documents at trial and trial court did not preserve these documents for review on direct appeal.

**GROUND THIRTY:** The Petitioners Termination Entry that has a rubber stamp is not a final appealable order. (Exhibit H)

**GROUND THIRTY-ONE:** The Petitioner was illegally detained when transferred from the county jail to Correctional Reception Center.

> **Supporting Facts:** It was discovered by the public defender at C.R.C. that the Petitioner arrived at C.R.C. On July 18, 2016, judgment of conviction was finally entered.
>
> **GROUND THIRTY-TWO:** Cumulative errors deprived the Petitioner a fair trial in violation of the Fifth, Sixth, and Fourteenth Amendment to the U.S. Constitution.

(Petition, ECF No. 3, PAGEID : 58-62, 13-17.)(Misspellings are quoted as they appear in the original without noting them by insertion of "sic.")

**Procedural History**

Parrish was indicted by the Montgomery County grand jury in September 2011 with two counts of aggravated robbery with firearm specifications, two counts of felonious assault, also with firearm specifications, and one count of having weapons while under a disability (Indictment, State Court Record, ECF No. 18, PageID 218-21). After dismissing three appointed attorneys, Parrish exercised his constitutional right under *Faretta v. California*, 422 U.S. 806, (1975), to try the case pro se. At trial the jury convicted Parrish on all five counts with the relevant firearm specifications. *Id.* at PageID 271. Common Pleas Judge Steven K. Dankof then sentenced Parrish to twenty-one years imprisonment. *Id.* at PageID 283-85.

Parrish appealed through stand-by counsel and was appointed new counsel by the Court of Appeals. That attorney withdrew after being discharged by Parrish. After discharging several other attorneys, Parrish proceeded pro se, arguing the trial transcript was erroneous and incomplete. After numerous additional extensions of time, the Second District Court of Appeals noted that the trial court has authority under Ohio law to correct the record. It thereupon remanded the case to Judge Dankof and ordered Parrish to re-file his motion in that court (Decision and Entry of April 9, 2015, State Court Record, ECF No. 18, PageID 402-03).

Judge Dankof noted in his decision, *inter alia*, that Parrish had not raised in his renewed motion the asserted missing testimony of Laddie Mae Jackson, the supposed 476 large gaps in the transcript, the omitted jury instructions, or the erroneous certification page. *Id.* at PageID 412-14. On November 19, 2015, after Parrish failed to respond to a show cause order, the Second District dismissed the appeal for failure of Parrish to file a brief. *State v. Parrish*, Case No. 25282 (2nd Dist. Nov. 19, 2015)(copy at State Court Record, ECF No. 18, PageID 477-78.) Parrish did not appeal to the Ohio Supreme Court. Parrish timely filed his habeas corpus petition in this Court on November 28, 2016.

Respondent's Motion to Dismiss provides a lengthy analysis of why Grounds Three, Four, Seven, Ten, Twelve, Eighteen, Twenty-Five, and Twenty-Eight through Thirty-Two state only claims under state law which are not cognizable in habeas corpus (Motion, ECF No. 19, PageID 1423-28). As to Grounds One, Four, Eight, Nine, Ten, Twenty-Seven and Twenty-Nine, Respondent argues Parrish has failed to exhaust available state court remedies, i.e., a petition for post-conviction relief under Ohio Revised Code § 2953.21. *Id.* at PageID 1432-38. Finally, Respondent makes procedural default or exhaustion arguments regarding Grounds Six, Seven, Eleven through Twenty-Six, and Thirty through Thirty-Two. *Id.* at PageID 1439-42.

Parrish responds to the Motion with a motion to compel discovery and a request for an evidentiary hearing (Motion, ECF No. 29).

# Analysis

In the Magistrate Judge's opinion, Mr. Parrish has procedurally defaulted in presenting all of his claims to the Ohio courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), *citing Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-7(1999)); *see also Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not[.]").

Parrish has procedurally defaulted on all of his Grounds for Relief because he has never presented any of them to the Ohio courts on appeal: his direct appeal to the Second District was dismissed for failure to file a brief and he never appealed from that decision to the Ohio Supreme Court. To the extent that he raised issues that depend on facts that are not in the state court record, he had the possibility of filing a post-conviction petition under Ohio Revised Code § 2953.21, but the statute of limitations now bars that approach.

Mr. Parrish seems to believe that since the trial transcripts do not contain matter that he believes should be there, this case will never be ripe for final decision until the record is corrected to add material he believes should be there, but which he failed to persuade Judge

Dankof was properly a matter of record. For example, Judge Dankof, who presided at trial, specifically found that Laddie Mae Jackson did not testify and that Parrish had done nothing to fill in the alleged 476 "large gaps." Under *Cullen v. Pinholster*, 563 U.S. 170 (2011), this Court must decide whether the Ohio courts committed constitutional error by examining the record that was before them, not by holding an evidentiary hearing to hear testimony not presented in the state courts.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice because all claims are procedurally defaulted. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 23, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).