# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM A. PARRISH, JR.,

          Petitioner,     :     Case No. 3:16-cv-486

- vs -                    District Judge Walter Herbert Rice
                           Magistrate Judge Michael R. Merz

WARDEN, Marion
  Correctional Institution,

                       :

          Respondent.

## SUPPLEMENTAL OPINION ON STRIKING OBJECTIONS

This case is before the Court on Petitioner's Objections (ECF No. 33) to the Magistrate Judge's Order Striking Objections as Untimely (ECF No. 32). Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 34).

On May 23, 2017, the Magistrate Judge filed a Report and Recommendations recommending that Mr. Parrish's habeas corpus petition be dismissed with prejudice (ECF No. 30). The Report had an appended Notice that any objections had to be filed within seventeen days of the service of the Report (ECF No. 30, PageID 2187-88).

On June 19, 2017, the Clerk received and docketed Mr. Parrish's Objections (ECF No. 31). Mr. Parrish represents that "[t]his Motion was dropped in the Institutional mail box on June 13, 2017." *Id.* att PageID 2199. The Order Striking the Objections as Untimely credited that representation of mailing, but noted that that was four days after objections were required to be filed and served under the Notice and Fed. R. Civ. P. 72 (ECF No. 32).

Mr. Parrish's Objections rely on that portion of Fed. R. Civ. P. 5(b)(2) which says that

1

service is made by handing a document to a person. He asserts the Mail Room at the institution where he is confined handed the Report to him on May 30, 2017, making that the date of service. Actually, Rule 5(b)(2) provides six alternative ways to serve a person. Rule 5(b)(2)(C) provides that service can be made by "mailing it to the person's last known address – in which event service is complete upon mailing." As the docket shows, the Report was mailed to Mr. Parrish on May 23, 20o17, the same day it was filed. Therefore the Order correctly calculated the date the Objections were due as June 9, 2017, and they were untimely.

Mr. Parrish further objects that the Magistrate Judge acted beyond his authority in striking the Objections without a motion to that effect by the Respondent. The General Order of Assignment and Reference (Dayton General order 13-01) refers all habeas corpus cases filed at the Dayton location of court to Magistrate Judge Merz "who is authorized to perform in each such case any and all functions authorized for full-time United States Magistrate Judges by statute." 28 U.S.C. § 636 authorizes Magistrate Judges to hear and determine any pretrial matter with certain enumerated exceptions; the exceptions do not include enforcing time limits under the Federal Rules of Civil Procedure. Mr. Parrish offers no authority, and none is known to the undersigned, prohibiting the enforcement of time limits under the Rules *sua sponte*.

Mr. Parrish speculates that the reason the Magistrate Judge struck the Objections was "to prevent Judge Rice from viewing the document that proves Assistant Attorney General Jerri L. Fosnaught has filed fraudulent documents in this judicial proceedings [sic]." (PageID 2213). That is not so. The Magistrate Judge believes Mr. Parrish's "fraudulent document" claim is a red herring, designed to distract the Court from the fact that, as certified by Common Pleas Judge Dankof, most of the matter Mr. Parrish alleges should be in the transcript never happened in his courtroom.

In sum, Mr. Parrish's Objections to the Order Striking his Objections are not well taken and should be overruled.

However, should the District Judge decide to consider the Objections despite their untimeliness, the Magistrate Judge believes no further recommittal on the basis of those Objections would be useful to the Court as the issues are adequately considered in the Report.

July 7, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge