IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM A. PARRISH, JR.,          :

    Petitioner,

    v.                            :          Case No. 3:16-cv-486

LYNEAL WAINWRIGHT, Warden,        :          JUDGE WALTER H. RICE
Marion Correctional Institution,
                                  :          MAGISTRATE JUDGE MICHAEL R. MERZ
    Respondent.

---

DECISION AND ENTRY AFFIRMING DECISION AND ORDER OF
MAGISTRATE JUDGE DENYING PETITIONER WILLIAM A. PARRISH,
JR.'S MOTION FOR EVIDENTIARY HEARING AND FOR APPEAL BOND
(DOC. #13), AND OVERRULING PARRISH'S OBJECTIONS THERETO
(DOC. #14), EXCEPT AS MODIFIED IN SUPPLEMENTAL OPINION AND
MODIFIED ORDER ON RECOMMITTAL (DOC. #16); AFFIRMING IN
FULL SUPPLEMENTAL OPINION AND MODIFIED ORDER ON
RECOMMITTAL (DOC. #16); AFFIRMING IN FULL DECISION AND
ORDER OF MAGISTRATE JUDGE OVERRULING RENEWED MOTION
FOR EVIDENTIARY HEARING (DOC. #24), AND OVERRULING
PARRISH'S OBJECTIONS THERETO (DOC. #26); OVERRULING
ORDER OF MAGISTRATE JUDGE STRIKING OBJECTIONS AS
UNTIMELY (DOC. #32), SUSTAINING PARRISH'S OBJECTIONS
THERETO (DOC. #33), AND OVERRULING SUPPLEMENTAL OPINION
ON STRIKING OBJECTIONS (DOC. #35); ADOPTING IN FULL
REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE (DOC.
#30), AND OVERRULING PARRISH'S OBJECTIONS THERETO (DOC.
#31); MOTION TO DISMISS OF RESPONDENT LYNEAL WAINWRIGHT,
WARDEN, MARION CORRECTIONAL INSTITUTION (DOC. #19), IS
SUSTAINED, AND PARRISH'S PETITION FOR WRIT OF *HABEAS
CORPUS* (DOC. #3) IS DISMISSED WITH PREJUDICE; PARRISH IS
DENIED A CERTIFICATE OF APPEALABILITY, AS NO REASONABLE
JURIST WOULD FIND THAT HE MADE A SUBSTANTIAL SHOWING OF
A DENIAL OF A CONSTITUTIONAL RIGHT; CERTIFICATION THAT
PARRISH SHOULD NOT BE PERMITTED TO PROCEED ON APPEAL
*IN FORMA PAUPERIS*, AS ANY APPEAL WOULD BE OBJECTIVELY
FRIVOLOUS; JUDGMENT TO ENTER IN FAVOR OF THE WARDEN
AND AGAINST PARRISH; TERMINATION ENTRY

Petitioner William A. Parrish, Jr. ("Petitioner" or "Parrish") filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* ("Petition"), raising thirty-two grounds as to why he believed that he was entitled to relief from the sentence imposed by Montgomery County, Ohio, Court of Common Pleas ("Trial Court") Judge Steven K. Dankof. Doc. #3.[1] Parrish subsequently filed motions for an evidentiary hearing with respect to his claim that the record submitted to this Court was inaccurate and incomplete, Doc. #12, 23; conversely, the Respondent, Lyneal Wainwright, Warden, Marion Correctional Institution ("Respondent") moved to dismiss Parrish's Petition. Doc. #19. Pending before the Court, pursuant to Rule 72(a), are:

1. Magistrate Judge Michael R. Merz's January 18, 2017, Decision and Order Denying Petitioner's Motion for Evidentiary Hearing and for Appeal Bond, Doc. #13, Parrish's Objections to the Order, Doc. #14, and the Magistrate Judge's February 9, 2017, Supplemental Opinion and Modified Order on Recommittal, Doc. #16, to which Parrish filed no objections;

2. The Magistrate Judge's April 19, 2017, Decision and Order denying Parrish's Renewed Motion for Evidentiary Hearing and Appeal Bond, Doc. #24, and Parrish's Objections to the Order, Doc. #26; and

3. The Magistrate Judge's June 19, 2017, Order Striking as Untimely Parrish's Objections to the below-described Report and Recommendations, Doc. #32, Parrish's Objections to that Order, Doc. #33, and the Magistrate Judge's Supplemental Opinion, Doc. #35, to which Parrish filed no objections.

---

[1] Parrish filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Doc. #3, PAGEID #55. However, because Parrish is in the custody of the State of Ohio, and was convicted in a State of Ohio court, his Petition properly arises under 28 U.S.C. § 2254.

Pending before the Court, pursuant to Rule 72(b), are: the Magistrate Judge's May 23, 2017, Report and Recommendations regarding Respondent's Motion to Dismiss Parrish's Petition, Doc. #30, and Parrish's Objections to said judicial filing. Doc. #31.

Based upon the reasoning and citations set forth in the Orders and in the Reports and Recommendations, as well as upon a thorough *de novo* review of Parrish's Objections to said judicial filings, and of the applicable law, this Court AFFIRMS IN PART AND OVERRULES IN PART the Magistrate Judge's January 18, 2017, Decision and Order, Doc. #13, overruling it only to the extent that it was modified by the Supplemental Order. The Court SUSTAINS Parrish's Objections to said judicial filing, Doc. #14, only to the extent that the Initial Decision and Order was modified by the Supplemental Order, and OVERRULES the Objections to said judicial filing in all other respects. The Court AFFIRMS IN FULL the Magistrate Judge's February 9, 2017, Supplemental Decision and Order, Doc. #16, and April 19, 2017, Decision and Order, Doc. #24,and OVERRULES Parrish's Objections to the latter judicial filing. Doc. #26. The Court REJECTS the Magistrate Judge's June 19, 2017, Order Striking Objections, Doc. #32, SUSTAINS Parrish's Objections thereto, Doc. #33, and REJECTS the July 7, 2017, Supplemental Opinion. Doc. #35.

Further, the Court ADOPTS IN FULL the Report and Recommendations of the Magistrate Judge, Doc. #30, and OVERRULES Parrish's Objections thereto. Doc. #31. Respondent's Motion to Dismiss, Doc. #19, is SUSTAINED, and Parrish's Petition, Doc. #3, is DISMISSED WITH PREJUDICE. As no reasonable jurist could find that Parrish "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. §

2253(c)(2), he is DENIED a Certificate of Appealability as to all thirty-two grounds for relief. Finally, as any appeal would be objectively frivolous, this Court certifies to the U.S. Court of Appeals for the Sixth Circuit that Parrish should not be permitted to proceed on any appeal *in forma pauperis*.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.    State Court Proceedings

In September 2011, Parrish was indicted by the Montgomery County Grand Jury on five felony counts. Doc. #18, PAGEID #218-21. Montgomery County, Ohio, Court of Common Pleas ("Trial Court") Judge Steven K. Dankof appointed Eugene Robinson ("Robinson") to represent Plaintiff. *Id.*, PAGEID #223, 225. Robinson subsequently withdrew, and on December 1, 2011, Judge Dankof appointed Jay Adams ("Adams") to represent Parrish. *Id.*, PAGEID #228. Parrish filed a motion to dismiss Adams as counsel, and on May 4, 2012, the Trial Court permitted Adams "to withdraw and appointed new counsel, Lucas Wilder [('Wilder')]." Doc. #19, PAGEID #1406 (citing Doc. #18, PAGEID #247-51). Parrish subsequently filed a motion to dismiss Wilder and represent himself at trial, which the State Court granted after a May 24, 2012, hearing in which it found that Parrish's waiver of his right to counsel was knowing and voluntary. Doc. #18, PAGEID #259-60; Doc. #18-1, PAGEID #580-644. Wilder was appointed as standby counsel for trial. Doc. #18-1, PAGEID #644. On or about June 29, 2012, after a jury trial at which Parrish represented himself *pro se*, Parrish was convicted on all five counts, and was sentenced to twenty-four years in prison by Judge Dankof. Doc. #3, PAGEID #55.

4

On July 17, 2012, Wilder, on behalf of Parrish, filed a timely notice of appeal to the Ohio Second District Court of Appeals ("Appellate Court" or "Second District"). Doc. #18, PAGEID #286. The Appellate Court appointed J. David Turner ("Turner") to represent Parrish on direct appeal. *Id.*, PAGEID #490-91. On November 13, 2012, Turner, at Parrish's request, moved to withdraw as counsel. *Id.*, PAGEID #288. The Appellate Court granted Turner's motion, and appointed Melissa Prendergast ("Prendergast") of the Office of the Ohio Public Defender to represent Parrish on direct appeal. *Id.*, PAGEID #290, 293.[2] On May 20, 2013, Prendergast, at Parrish's request, filed a motion to withdraw, which the Appellate Court sustained. *Id.*, PAGEID #298, 305). Parrish filed a motion to proceed *pro se*, which the Appellate Court sustained on December 6, 2013. In so sustaining, the Appellate Court ordered the Trial Court to provide Parrish with a CD-ROM containing the transcripts of the record that would be considered on appeal. *Id.*, PAGEID #309-10.

On March 25, 2014, Parrish moved that the Appellate Court appoint Wilder as his appellate counsel, Doc. #18, PAGEID #317, which the Court denied and, instead, appointed Elizabeth Scott ("Scott") as counsel. *Id.*, PAGEID #318. On May 30, 2014, the State moved to dismiss Parrish's appeal for failure to file an opening brief within the specified time. *Id.*, PAGEID #321-22. Parrish, via Scott, moved for an extension of time to file his opening brief, which the Appellate Court sustained. *Id.*, PAGEID #323, 327. On June 10, 2014, citing a breakdown in communication and Parrish's failure to cooperate with the appeal process, Scott filed a motion to withdraw as counsel. *Id.*,

---

[2] As the Respondent notes, "[o]n December 4, the appellate court also appointed attorney Chris Wesner [('Wesner')] to represent Parrish, but noted that appointment was made in error and vacated that appointment. Doc. #19, PAGEID #1407 (citing Doc. #18, PAGEID #: 291, 295).

PAGEID #325. The Appellate Court sustained Scott's motion and appointed Anthony Cicero ("Cicero") to represent Parrish. *Id.*, PAGEID #328-32. On August 19, 2014, the State again moved to dismiss Parrish's appeal for failing to file an opening brief, and Parrish cross-moved for an extension of time to file an appeal brief. *Id.*, PAGEID #335-38. The Appellate Court sustained Parrish's motion and overruled the motion of the State. *Id.*, PAGEID #339.

On January 7, 2015, the State filed its third motion to dismiss for failure to file an opening brief. On January 15, 2015, Parrish, without assistance of counsel, filed a motion to vacate his conviction, and on January 23, 2015, Cicero moved to withdraw as counsel, citing a conflict of interest. Doc. #18, PAGEID #356, 366, 384. On February 25, 2015, the Appellate Court sustained Cicero's motion to withdraw, overruled without prejudice the State's motion to dismiss, overruled Parrish's motion to vacate, and ordered Parrish to file an opening brief within twenty days. *Id.*, PAGEID #387-88. On March 6, 2015, Parrish filed a *pro se* motion to correct the record and for a new trial, claiming that the copy of the transcript of record that he had received was inaccurate and incomplete. Parrish argued that the testimony of a Laddie Mae Jackson ("Jackson") was improperly included in the transcript, and that jury instructions were improperly included in the transcript, despite never being given to jurors prior to deliberations. *Id.*, PAGEID #390. Finally, he claimed that "the transcripts have a total of 476 large gaps that omit important objections and rulings . . . [and] the certification attached to the Appellant's transcripts ha[s] the wrong name and case number on it." *Id.* On March 19, 2015, the State again moved to dismiss Parrish's appeal, *id.*, PAGEID #396; on April 9, 2015, the Appellate Court overruled both motions in full, but remanded

6

the case to the Trial Court "for the limited purpose of considering the record omissions and certification issue raised by Parrish." *Id.*, PAGEID #403.

Parrish refiled his motion to correct the record and for a new trial with the Trial Court; in response, the Trial Court ordered a full transcript prepared. Doc. #18, PAGEID #405, 412. Judge Dankof "specifically direct[ed] the [reporting] company to use every available channel to review inaudible portions of the recordings. AVTranz submitted the transcript, and it was filed . . . on June 30, 2015." *Id.*, PAGEID #438. The Trial Court overruled Parrish's motion for a new trial, and noted that his claims about Ms. Jackson's testimony, the inclusion of jury instructions, and the "476 large gaps" in the transcript were either procedurally defaulted or belied by the transcript itself. Further, the Trial Court noted that the error on the transcript's certification page had already been corrected. *Id.*, PAGEID #413. Simultaneously, in the Appellate Court, Parrish moved to: strike the amended transcript; correct the sentencing entry; and vacate his convictions. *Id.*, PAGEID #415-37. On July 17, 2015, the Appellate Court overruled all three motions, and again directed Parrish to file an opening brief within twenty days. *Id.*, PAGEID #442. That same day, Parrish moved to strike the amended transcript and for a new trial. *Id.*, PAGEID #444. In his motion, Parrish argued that he could not file a proper appellate brief because he had not had a chance to review the modified transcript, and thus, could not determine if it contained the errors and omissions that he had identified in the original transcript. *Id.*, PAGEID #446-47.

On August 17, 2015, the Appellate Court overruled Parrish's motion, holding that he "is not entitled to a personal copy of the transcript. As this [C]ourt has previously informed [Parrish], the Supreme Court of Ohio has held that by choosing to proceed

without the assistance of counsel, he has relinquished his ability to gain easy access to the transcript[,]" and an indigent defendant's only right with respect to a transcript is that a copy be "forwarded to the clerk of the [A]ppellate [C]ourt for use in a direct appeal. [Parrish] acknowledges [that] this has been done here." *Id.*, PAGEID #469. The Appellate Court again ordered Parrish to file an opening brief within twenty days. *Id.*, PAGEID #470.

On September 22, 2015, the State moved to dismiss Parrish's appeal for failure to file an opening brief, and on September 24, 2015, the Appellate Court ordered Parrish to file a brief or show cause as to why his appeal should not be dismissed. Doc. #18, PAGEID #471-74. On October 8, 2015, Parrish responded to the show cause order, arguing once again that he had not received an accurate copy of the trial transcript, and that the state's failure to provide him with such a copy free of charge violated his Constitutional rights. *Id.*, PAGEID #475-76. The Appellate Court was not swayed by Parrish's argument, and dismissed his appeal with prejudice on November 19, 2015. *Id.*, PAGEID #477. Parrish did not seek reconsideration in the Appellate Court or file a petition for transfer to the Supreme Court of Ohio; nor, at any time, did he file a petition for post-conviction relief with the Trial Court, pursuant to Ohio Rev. Code § 2953.21.

### B.     Federal Court Proceedings

On November 18, 2016, Parrish filed his Petition, Doc. #3, and a Motion to Appoint Counsel, Doc. #4, the latter of which was overruled by the Magistrate Judge. Doc. #5. Parrish objected to the denial of appointed counsel, Doc. #9, and on December 20, 2016, the Magistrate Judge issued a Supplemental Opinion, again

denying Parrish's motion. Doc. #11. As part of a Motion for Evidentiary Hearing and for Appeal Bond, Parrish filed a timely objection to the Supplemental Opinion. Doc. #12. On January 18, 2017, The Magistrate Judge issued a Decision and Order overruling the Motion, denying Parrish an evidentiary hearing or an appeal bond, and refusing to reconsider his Order denying appointment of counsel. Doc. #13. Parrish filed timely Objections to all three portions of the Decision and Order, Doc. #14, and after this Court issued a Recommittal Order, Doc. #15, on February 9, 2017, the Magistrate Judge issued a Supplemental Opinion and Modified Order. Doc. #16. The Supplemental Order modified his January 18, 2017, Order only to the following extent: that Parrish's motion for an evidentiary hearing should be overruled without prejudice, subject to renewal after the state court record was filed. *Id.*, PAGEID #206. Further, the Magistrate Judge held that, "[i]n any renewed motion, Mr. Parrish must set forth what factual questions he believes are in issue and how he can satisfy the requirements of *Cullen v. Pinholster.*" *Id.* (citing 563 U.S. 170, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011)). Neither party filed objections to the Supplemental Order.

On March 17, 2017, the same day that the state court record was filed, Doc. #18, the Warden filed its Motion to Dismiss *Habeas* Petition, Doc. #19, arguing that Parrish's motion failed as a matter of law because, among other reasons, all thirty-two grounds for relief were procedurally defaulted. *Id.*, PAGEID #1404. On April 13, 2017, prior to filing his memorandum *contra*, Parrish filed a renewed motion for evidentiary hearing. Doc. #23. In that motion, Parrish renewed his argument that the trial transcript had "a total of 476 large gaps that [have] omitted objections by the [P]etitioner, and erroneous rulings by the [T]rial [C]ourt judge that are very significant, and reversible errors." *Id.*,

PAGEID #2139. Further, Parrish claimed that "[p]art of the victim['s] testimony has been deliberately omitted from the trial transcript[,]"; specifically, a portion in which the victim "admitted that he had lied under oath at the preliminary hearing." *Id.* (citing Ohio Rev. Code § 2921.11(A)). Parrish also alleged that the jury never received the jury instructions that were included in the trial transcript. *Id.* Finally, Parrish claimed that the improper court reporter certification that was initially attached to his trial transcript "was [an] intentional act on behalf of the state, which severely prejudice[d] the Petitioner[,] because it prevent[ed] all five attorneys that were court appointed from filing a merit brief on behalf of the Petitioner." *Id.*, PAGEID #2139-40 (citing Doc. #18, PAGEID #350; Doc. #18-3, PAGEID #1403).

On April 19, 2017, the Magistrate Judge issued a Decision and Order overruling Parrish's motion for an evidentiary hearing, and ordered Parrish to file his memorandum in opposition to the Warden's motion no later than May 1, 2017. Doc. #24, PAGEID #2143. In so ruling, the Magistrate Judge noted that Parrish did not reference *Pinholster* in his motion; nor did he explain why the facts underlying his *habeas corpus* claim would entitle him to an evidentiary hearing under 28 U.S.C. § 2254(e)(2). *Id.*, PAGEID #2142-43. Further, the Magistrate Judge noted that the only inaccuracy in the transcript identified by Parrish was that the original certification page from the trial transcript was actually the certification page for the case of *State v. Pugh*. *Id.*, PAGEID #2143 (citing Doc. #18, PAGEID #350; Doc. #18-3, PAGEID #1403). The Magistrate Judge concluded that the discrepancy "does not show what questions of fact need to be resolved by an evidentiary hearing." *Id.* Parrish filed timely Objections to the April 19,

2017, Decision and Order, reiterating his earlier arguments as to errors and omissions in the trial transcript. Doc. #26.

On May 23, 2017, the Magistrate Judge issued a Report and Recommendations, recommending that the Warden's Motion to Dismiss be sustained. Doc. #30. The Magistrate Judge concluded that most of Parrish's claims were procedurally defaulted due to the Appellate Court dismissing his direct appeal for failure to file an opening brief, and Parrish failing to appeal that dismissal to the Supreme Court of Ohio. Doc. #30, PAGEID #2186 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009)). The Magistrate Judge further concluded that "to the extent that [Parrish] raised issues that depend on facts that are not in the state court record, he had the possibility of filing a post-conviction petition under Ohio Revised Code § 2953.21, but the statute of limitations now bars that approach." *Id*. Further, the Magistrate Judge noted that the Trial Court had already ruled that the errors or omissions in the record alleged by Plaintiff had been properly excluded from the record, *id*., PAGEID #2186-87, and that this Court's role is to "decide whether the Ohio courts committed constitutional error by examining the record that was before them, not by holding an evidentiary hearing to hear testimony not presented in the state courts." *Id*., PAGEID #2187.

On June 13, 2017, Parrish filed Objections to the Report and Recommendations. Doc. #31, PAGEID #2199. Therein, Parrish argues that the Appellate Court never appointed effective counsel to represent him. *Id*. PAGEID #2190 (citing Doc. #30, PAGEID #2183). Further, he claims that Judge Merz erred in his conclusion "that the

Petitioner failed to respond to a show cause order filed [by the Appellate Court] on September 24, 2015." *Id.*, PAGEID #2191 (citing Doc. #30, PAGEID #2184). Parrish notes that he filed a memorandum in which he argued that he could not file an opening brief because the transcript was incomplete, and that ordering him to do so violated Supreme Court precedent. *Id.*, PAGEID #2191-92 (citing *Draper v. Washington*, 372 U.S. 487, 489, 9 L.Ed.2d 899, 83 S.Ct. 774 (1963); *Griffin v. Illinois*, 351 U.S. 12, 19, 100 L.Ed. 891, 76 S.Ct. 585 (1956)). Parrish argues that any further appeal would have been futile and, thus, the procedural default doctrine does not bar any of his grounds for relief. *Id.*, PAGEID #2193, 2198-99 (citing *Turner v. Bagley*, 401 F.3d 718, 727 (6th Cir. 2005); *Greene v. Brigano*, 123 F.3d 917, 922 (6th Cir. 1997); *U.S. v. Wilson*, 16 F.3d 1027, 1031 (6th Cir. 1994)).

On June 19, 2017, the Magistrate Judge issued an Order Striking Objections as Untimely, noting that, under Rule 72, Parrish was required to file Objections no later than June 9, 2017. However, "[t]he Objections show that they were not deposited in the prison mail system until June 13, 2017." Doc. #32, PAGEID #2210. On July 5, 2017, Parrish filed Objections to that Order, claiming that he was not served with a copy of the Report and Recommendations until May 30, 2017. Doc. #33, PAGEID #2212. Upon recommittal, the Magistrate Judge issued a Supplemental Opinion, finding that "Parrish's Objections . . . are not well taken and should be overruled." Doc. #35, PAGEID #2225. Parrish did not file objections to the Supplemental Opinion.

## II.    LEGAL STANDARDS

### A.    28 U.S.C. § 2254

A prisoner may petition "for a writ of *habeas corpus* . . . pursuant to the judgment

of State court only on the ground that he is in custody in violation of the Constitution or

laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petition "shall not be

granted with respect to any claim," such as Parrish's, which:

> [W]as adjudicated on the merits in State court proceedings unless the
> adjudication of the claim—(1) resulted in a decision that was contrary to,
> or involved an unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United States; or (2)
> resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented.

28 U.S.C. § 2254(d).  A *habeas corpus* petitioner must also satisfy additional procedural

requirements, including but not limited to exhaustion of State Court judicial remedies.

28 U.S.C. § 2254(b)(2).  The Court's review of facts adjudicated in a State Court

proceeding is sharply circumscribed; "a determination of a factual issue made by a

State court shall be presumed to be correct. The applicant shall have the burden of

rebutting the presumption of correctness by clear and convincing evidence."

28 U.S.C. § 2254(e)(1).


### B.    Rule 72(a)

As the January 18, April 19, and June 19, 2017 Orders by the Magistrate Judge,

and any supplemental opinions or orders thereto, Doc. # 13, 16, 24, 32, 35, concern

non-dispositive matters, the Court may modify or set aside only those portions of the

orders that are "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a).  A finding

is "clearly erroneous" if the "reviewing judge has a 'definite and firm conviction' that an

error has been committed." *Dickinson v. Zurko*, 527 U.S. 150, 162, 119 S.Ct. 1816, 144

L.Ed.2d 143 (1999) (quoting *U.S. v. United States Gypsum Co.*, 333 U.S. 364, 395, 68

S.Ct. 525, 92 L.Ed. 746 (1948)).  A decision is "contrary to law" if the legal conclusions

"contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or

case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (Kinneary,

J.) (quoting *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983)).


### C.    Rule 72(b)

The Magistrate Judge's Reports and Recommendations addressed the merits of

Parrish's Petition; thus, the Court must conduct a *de novo* review of "any part of the

[M]agistrate [J]udge's disposition that has been properly objected to.  The [Court] may

accept, reject, or modify the recommended disposition; receive further evidence; or

return the matter to the [M]agistrate [J]udge with instructions."  Fed. R. Civ. P. 72(b)(3).


### III.    ORIGINAL MOTION FOR EVIDENTIARY HEARING AND APPEAL BOND

In the January 18, 2017, Decision and Order, the Magistrate Judge noted that

review of a "state court decision under 28 U.S.C. § 2254(d)(1) is strictly limited to

'review of the state court record,'" Doc. #13, PAGEID #155 (quoting *Pinholster*, 563 U.S.

at 182), and that under the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), a petitioner could obtain an evidentiary hearing only if "the state court

decision is contrary to an objectively unreasonable application of clearly established

Supreme Court precedent or an unreasonable determination of the facts upon the

evidence presented to the state court." *Id.* (citing Pub. L. 104-132, 110 Stat. 1214).  As

the record had not yet been filed, the Magistrate Judge was correct that an evidentiary

14

hearing was not warranted.  Further, in response to Parrish's Objections, Doc. #14, the

Magistrate Judge correctly overruled Parrish's motion for an evidentiary hearing without

prejudice, subject to renewal upon filing of the state court record.  Doc. #16, PAGEID

#206.  Plaintiff did not object to the Supplemental Opinion, and the Magistrate Judge's

order was both prudent and in compliance with the AEDPA.  Thus, the January 18,

2017, Decision and Order is affirmed except to the extent that it was modified by the

Supplemental Opinion, which is affirmed in full.


## IV.    RENEWED MOTION FOR EVIDENTIARY HEARING

In his renewed motion for evidentiary hearing, Parrish largely restated his

arguments from his original motion; specifically, that the errors in the transcript and the

improper (allegedly fraudulent) certification page meant that a valid transcript never

existed, and, thus, the Appellate Court's dismissal was improper.  Doc. #23, PAGEID

#2139-40 (citing Ohio App. R. 9(B)(6-7); *In re Guardianship of Fraser*, 9th Dist. Medina

No. 03CA0021-M, 2003-Ohio-6808, ¶ 8 (Dec. 17, 2003)).  He argued that an evidentiary

hearing was necessary so that he could identify the 476 gaps in the record and prove

that the certification page was a forgery.  *Id.*, PAGEID #2140-41.

As the Magistrate Judge correctly noted in his April 19, 2017, Order, Parrish did

not comply with the Supplemental Order's mandate that, upon the filing of the record, he

identify the factual questions regarding the transcript that he believed were at issue, and

how his renewed motion satisfied *Pinholster*.  Doc. #24, PAGEID #2142-43 (quoting

Doc. #16, PAGEID #206).  Further, the Magistrate Judge concluded that there was no

evidence suggesting that the court reporter's certification was fraudulent.  Rather, the

certification page for the trial in *State v. Pugh* was placed into the transcript for his trial by mistake, a mistake which was corrected by the insertion of the correct certification page into the record. *Id.*, PAGEID #2143 (citing Doc. #18, PAGEID #350; Doc. #18-3, PAGEID #1403; Doc. #23, PAGEID #2140). The Magistrate Judge held that, in the absence of any factual dispute regarding the accuracy of the contents of the record itself, no evidentiary hearing necessary was necessary. *Id.*

In his Objections to the April 19, 2017, Order, Parrish renewed his argument that the failure of the Trial Court and Appellate Court to provide him with a paper copy of the transcript, despite his indigence, violated the Due Process Clause of the Fourteenth Amendment. Doc. #26, PAGEID #2148 (citing *Griffin*, 351 U.S. at 18). He also claimed that this failure excused his obligation to exhaust state court remedies, and thus, any failure to prosecute his appeal does not bar his claim for *habeas* relief. *Id.* (citing *Turner v. Bagley*, 401 F.3d 718 (6th Cir. 2005)). Finally, he claimed that State of Ohio Assistant Attorney General Jerri Fosnaught ("Fosnaught") committed fraud upon the Court by removing the certification page from the trial in *State v. Pugh* and replacing it with one for *State v. Parrish*, only to mail Parrish another copy of the original transcript with the certification page for *State v. Pugh* while the State's motion to dismiss his appeal was pending before the Second District. *Id.*, PAGEID #2149 (citing Doc. #18-1, PAGEID #350; Doc. #18-3, PAGEID #1403). Parrish claimed that, due to Fosnaught's actions, an evidentiary hearing was necessary to resolve discrepancies in the transcripts, and Parrish prayed that he be released on his own recognizance prior to such a hearing. *Id.*, PAGEID #2150.

Parrish's Objections failed to address the shortcomings in his renewed motion that were identified by the Magistrate Judge in his April 19, 2017, Order. Parrish's allegation that Fosnaught twice altered the certification page—even if true—does not permit the reasonable inference that she or anyone else altered the substance of the trial transcript. Nor does it identify any factual dispute that would require an evidentiary hearing or assist this Court in evaluating his Petition. To the extent that Parrish was claiming that the alleged errors or omissions in the transcript justified an evidentiary hearing, the Magistrate Judge was correct to differentiate between the cases cited by Parrish and the instant case, as the cited cases were decided prior to the enactment of the AEDPA or the Supreme Court's ruling in *Pinholster*. This Court's review is limited to the state court record and, as discussed below, the proper time for Parrish to raise his concerns over the transcript's completeness and accuracy was on appeal or in a motion for post-conviction relief.

Finally, Parrish's argument that he was never provided a free paper copy of the trial transcript, Doc. #26, PAGEID #2147-48, is dubious but ultimately immaterial. The record reflects that at least one of Parrish's appointed appellate counsel, Cicero, did receive a copy of the trial transcript, Doc. #18, PAGEID #348, and that Parrish was able to review that transcript; indeed, he has purported to identify 476 errors and omissions. Parrish does not, in his Objections, claim that Cicero failed to turn over the transcript upon his withdrawal as counsel. Thus, Parrish's Objections appear to center on alleged inaccuracies and omissions in the transcript, which are not reviewable in this Court.

In sum, the Magistrate Judge's April 19, 2017, Order was a well-reasoned and factually well-grounded application of *Pinholster* and the AEDPA. Pursuant to Rule 72(a), it must be affirmed.

## V. OBJECTIONS TO REPORT AND RECOMMENDATIONS WERE TIMELY FILED

Parrish's Objections were filed on June 13, 2017, twenty-one days after the Magistrate Judge filed his Report and Recommendations. Doc. #30-31. The Magistrate Judge's June 19, 2017, Order struck the Objections for not having been filed within seventeen days, as is required under Rule 72(b). Doc. #32, PAGEID #2210. Parrish claims that he was not served the Report and Recommendations until May 30, 2017, when he received it via first-class mail at the Marion Correctional Institution. Doc. #33, PAGEID #2212 (citing Doc. #33-1, PAGEID #2217). Service by mail is considered complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), and *pro se habeas* petitioners, such as Parrish, are allotted three additional days for any filing deadline to account for any delay due to Court orders being transmitted via mail, rather than electronically. Fed. R. Civ. P. 6(d). Thus, the Magistrate Judge's striking of Parrish's Objections was proper. However, Parrish has produced uncontroverted evidence that the Marion Correctional Institution did not receive the Report and Recommendations until May 30, 2017, Doc. #33-1, PAGEID #2217, and, based on that date of receipt, Parrish did submit his Objections within the time period allotted under Rule 72(b). In the interests of equity and adjudicating Parrish's Petition on its merits, Parrish's Objections to the June 13, 2017, Order, Doc. #33, are sustained, and the Order, Doc. #32, and Supplemental Order, Doc. #35, are rejected.

## VI.  PETITION FOR WRIT OF *HABEAS CORPUS*

### A.  Report and Recommendations

In recommending that the Warden's Motion to Dismiss be sustained, the Magistrate Judge concluded that none of Parrish's thirty-two grounds for relief was properly before the Court, because Parrish had failed to: (1) prosecute his appeal at the Appellate Court; (2) appeal his dismissal for failure to prosecute to the Supreme Court of Ohio; or (3) file a timely petition for post-conviction relief where appropriate.  Doc. #30, PAGEID #2186 (citing Ohio Rev. Code § 2953.21).  In support, the Magistrate Judge noted that the Supreme Court and the Sixth Circuit have consistently held that "[f]ailure to present an issue to the state supreme court on discretionary review constitutes procedural default."  *Id*. (citing *O'Sullivan v. Boerckel*, 526 U.S at 848; *Thompson*, 580 F.3d at 437; *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004)).

Parrish's appeal was dismissed for failure to comply with Appellate Court orders and the Ohio Rules of Appellate Procedure, and no equitable doctrine operated to excuse Parrish's failure to appeal that dismissal to the Supreme Court of Ohio.  Thus, the Magistrate Judge concluded, any of his thirty-two grounds for relief that should have been raised on appeal are procedurally defaulted, and this Court may not consider them.  Doc. #30, PAGEID #2186.  As to the purported errors and omissions in the trial transcript, the Magistrate Judge noted that, in the Trial Court, Judge Dankof had "specifically found that Laddie May Jackson[,]" a witness whose credibility Parrish believed to be at issue, "did not testify[,] and that Parrish had done nothing to fill in the alleged 476 'large gaps'" in the transcript.  Doc. #30, PAGEID #2187.

Further, to the extent that Parrish contends that Judge Dankof's rulings on those evidentiary issues were erroneous, the proper procedure under Ohio law was for

Parrish to file a petition for post-conviction relief with the Trial Court. *Id.*, PAGEID #2186 (citing Ohio Rev. Code § 2935.21). Parrish never filed such a petition, and the statute of limitations now bars such an approach, the Magistrate Judge concluded that the Court may not review any of the grounds for relief concerning accuracy of the record. *Id.* Consequently, the Magistrate Judge recommended that Parrish's Petition be dismissed with prejudice, and "[b]ecause reasonable jurists would not disagree with this conclusion Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*." *Id.*, PAGEID #2187.

### B. Parrish's Objections

Parrish raises three main objections that address the Magistrate Judge's procedural default conclusion: (1) competent appellate counsel was never appointed; (2) he responded to the Appellate Court's show cause order, rendering that Court's dismissal of his appeal improper; and (3) he was never provided a complete and accurate copy of the trial transcript, which constituted a denial of due process and rendered an appeal impossible. Doc. #31. As to Parrish's third objection, the Court notes that the only true error identified by Parrish was the insertion of the certification page for the case of *State v. Pugh*. Yet, the State of Ohio corrected this error by including the certification page for Parrish's trial. More importantly, Parrish does not explain how he was prejudiced by the improper certification page. Specifically, he does not argue, much less designate evidence, that there is any relationship between the inaccurate certification page and any of the 476 alleged omissions that he supposedly identified.

As to those supposed omissions and errors, the Magistrate Judge is correct that they appear to be evidentiary decisions made in the Trial Court as to whether those items were properly part of the record. "[A] reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that created material prejudice[,]" *State v. Morris*, 132 Ohio St. 3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14 (quoting *State v. Diar*, 120 Ohio St. 3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶ 66), and Parrish, in his Objections, fails to meet that heavy burden. Moreover, Parrish never sought to correct the record through the method mandated by Ohio law—by filing a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21. Parrish's failure to do so means that his third objection is without merit.

Parrish's objection that competent counsel was never appointed is belied by the record, which shows that no fewer than four attorneys represented Parrish during his appeal. Importantly, Parrish concedes that at least two of his appointed appellate counsel withdrew at his request. Doc. #31, PAGEID #2191. Even assuming *arguendo* that Parrish had good reason to demand that Turner and Prendergast withdraw, the record reflects that his other appellate counsel, Scott and Cicero, worked diligently on his appeal, and, in the case of Scott, withdrew because Parrish failed to communicate effectively with her. Doc. #18., PAGEID #325. Parrish's first objection is overruled.

Parrish is correct that he responded to the Appellate Court's show cause order with his filing. Doc. #31, PAGEID #2191-92 (citing Doc. #18, PAGEID #475). However, if Parrish believed that, in light of his response, the Appellate Court's dismissal of his appeal was wrongful, then his proper course of action was to appeal that decision to the

Supreme Court of Ohio. His failure to do so means that his second objection is procedurally defaulted, and thus, overruled.

Finally, the Court notes that the Magistrate Judge accurately summarized and applied the law regarding procedural default in *habeas corpus* cases, and his conclusion that all thirty-two of Parrish's grounds for relief were either procedurally defaulted or barred by the statute of limitations was proper. Accordingly, the Court adopts the Report and Recommendations in their entirety and sustains the Warden's Motion to Dismiss. As the law on procedural default is well-settled, no reasonable jurist would disagree with this Court's conclusion that none of Parrish's grounds for relief is viable. Thus, Parrish is not entitled to a certificate of appealability, and the Court shall certify to the Sixth Circuit that any appeal would be objectively frivolous and, therefore, Parrish should not be permitted to proceed on appeal *in forma pauperis*.

## VII. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Order of the Magistrate Judge overruling Parrish's Initial Motion for Evidentiary Hearing, Doc. #13, and OVERRULES Parrish's Objections thereto, except to the extent that the Order was modified by the Supplemental Opinion and Modified Order on Recommittal, Doc. #16, which the Court AFFIRMS IN FULL. The Court AFFIRMS IN FULL the Order of the Magistrate Judge overruling Parrish's Renewed Motion for Evidentiary Hearing, Doc. #24, and OVERRULES Parrish's Objections thereto. Doc. #26. The Court OVERRULES the Order of the Magistrate Judge striking Parrish's Objections to the Report and Recommendations as untimely, Doc. #32, SUSTAINS Parrish's Objections

thereto, Doc. #33, and OVERRULES the Supplemental Opinion Striking Opinions of the Magistrate Judge. Doc. #35.

The Court ADOPTS IN FULL Reports and Recommendations of the Magistrate Judge, Doc. #30, OVERRULES Parrish's Objections thereto, Doc. #31, and SUSTAINS the Warden's Motion to Dismiss. Doc. #19. Parrish's Petition, Doc. #3, is DISMISSED WITH PREJUDICE. Judgment shall enter in favor of the Warden and against Parrish. As no reasonable jurist would find that Parrish "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), he shall be denied a Certificate of Appealability as to all thirty-two grounds for relief. This Court shall certify to the the Sixth Circuit that any appeal on those grounds would be objectively frivolous and, therefore, Parrish should not be permitted to proceed *in forma pauperis*.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 5, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE