# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM A. PARRISH, JR.,

            Petitioner,      :      Case No. 3:16-cv-486

  - vs -                          District Judge Walter Herbert Rice
                                 Magistrate Judge Michael R. Merz

WARDEN, Marion
  Correctional Institution,

                              :
            Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This case is before the Court on Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60 (ECF No. 39). Because this is a post-judgment motion, it is deemed referred to the Magistrate Judge for report and recommendations under Fed. R. Civ. P. 72(b)(3).

Parrish asserts that he "has not filed a Notice of Appeal yet," but the docket shows he filed a Notice of Appeal on September 29, 2017 (ECF No. 38)[1]. Parrish has not yet paid the $505 filing fee due upon filing a Notice of Appeal, but that does not prevent the Notice from being effective to deprive this Court of jurisdiction. *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373 (1985); *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d

---

[1] Although the Notice was not docketed until it was received by the Clerk on October 5, 2017, Parrish has declared under penalty of perjury that he deposited in the inmate mail system on September 29, 2017. *Id.* An incarcerated person "files" a notice of appeal when he or she deposits it with prison authorities for forwarding to the Clerk. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981).

The general rule used to mean that a district court had no jurisdiction to consider a motion for relief from judgment after a timely notice of appeal. However, effective December 1, 2009, the Rules of Civil Procedure were amended to add Fed. R. Civ. P. 62.1 which provides:

> **Rule 62.1. Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal**
> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>   (1) defer considering the motion;
>   (2) deny the motion; or
>   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The Motion is directed to alleged error by this Court in deciding Parrish's habeas corpus Petition, rather than to raising a new claim for habeas relief. Therefore it is proper for this Court to consider under Fed. R. Civ. P. 62.1, rather than transferring the Motion to the Sixth Circuit as a second-or-successive habeas application. *Gonzalez v. Crosby,* 545 U.S. 524 (2005).

Parrish claims this Court erred in its finding "that appointed appellate counsel, Anthony R. Cicero, did receive a copy of the amended trial transcript with correct certification." (Motion, ECF No. 39, PageID 2252, citing ECF No. 36, PageID 2242). The paragraph of Judge Rice's Decision to which Parrish takes exception reads:

> Finally, Parrish's argument that he was never provided a free paper copy of the trial transcript, Doc. #26, PAGEID #2147-48, is dubious but ultimately immaterial. The record reflects that at least one of Parrish's appointed appellate counsel, Cicero, did receive a copy of the trial transcript, Doc. #18, PAGEID #348, and that Parrish was able to review that transcript; indeed, he has purported to identify 476 errors and omissions. Parrish does not, in his Objections, claim that Cicero failed to turn over the transcript upon his withdrawal as counsel. Thus, Parrish's Objections appear to

> center on alleged inaccuracies and omissions in the transcript, which are not reviewable in this Court.

(Decision, ECF No. 36, PageID 2242.)

The place in the record which Parrish asserts makes the foregoing paragraph inaccurate is appellate attorney Anthony Cicero's November 12, 2014, Motion for Extension of Time to Fiel Brief where is says the "current record on appeal . . . appears not to be complete." (Attachment to Parrish's Motion Objecting to Magistrates [sic] Order Denying Petitioner's Motion Requesting for Evidentiary hearing, ECF No. 14 at PageID 183.) Judge Rice did not "miss" Mr. Cicero's comment. The Judge cites to the page in the State Court Record that is the official copy of the same document Mr. Parrish attached to his Motion Objection, to wit, the November 12, 2014, Motion for Extension of Time to File Brief (ECF No. 18, PageID 347-49, as cited in the above-quoted paragraph from Judge Rice's Decision.) The dispositive point is that Judge Rice found Parrish's argument immaterial.

Parrish also objects that "[t]he Court is also incorrect in its findings when it stated (ECF No. 36, PageID 2246) that 'Parrish never sought to correct the record through the method mandated by Ohio law – by filing a petition for post-conviction relief pursuant to Ohio Revised Code § 2953.21.'" (ECF No. 39, PageID 2252). Parrish objects that he did take the appropriate steps to correct the record (ECF No. 39, PageID 2253). Whether or not the steps he took were the correct ones, the State Court Record discloses that he never filed a petition for post-conviction relief and he does not claim in the instant Motion that he did so. Thus the reference I n Judge Rice's Decision to Ohio Revised Code § 29453.21 is not in any way a typograhical or clerical error.

3

Parrish includes in his Motion an account of his conversation with "Andrea Larson and Michelle," purportedly two employees of AVTranz who related Erik Lige is no longer employed at AVTranz and that company is no longer in business. From this conversation, Parrish infers that Judge Dankof's Entry regarding the record is "false and untrue." (ECF No. 39, PageID 2253. The facts in this portion of the Motion was obviously inadmissible hearsay, apart from the fact that receipt of evidence beyond what the state courts heard is barred by *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011).

Based on the foregoing analysis, it is respectfully recommended that Parrish's Motion be DENIED.

October 10, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).