# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM A. PARRISH, JR.,

    Petitioner,  :  Case No. 3:16-cv-486

 - vs -         District Judge Walter Herbert Rice
            Magistrate Judge Michael R. Merz

WARDEN, Marion
 Correctional Institution,

          :

    Respondent.

# ORDER TO THE CLERK; REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY AND REQUEST FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

   This case is before the Court on Petitioner's Notice of Appeal (ECF No. 46) which is accompanied by a request to proceed on appeal *in forma pauperis*.

   The Clerk has docketed this filing as a Motion for Leave to Appeal *in forma pauperis*, but it is plainly labeled as a Notice of Appeal and the Clerk is ORDERED to amend the docket to reflect the proper title and to advise the Sixth Circuit accordingly.

   Parrish says "he wishes to appeal the judgment denying Petitioner's Motion for Relief from a Judgment or Order Pursuant to Federal Rules of Civil Procedure Rule 60 rendered on November 21, 2017." (ECF No. 46, PageID 2271). There is no such judgment. On November 21, 2017, the Magistrate Judge filed a Supplemental Report recommending that the Fed. R. Civ. P. 60(b) motion be denied. That Supplemental Report contained the standard language advising Parrish of his right to object and the time limits for doing so (ECF No. 44, PageID 2269). Any objections would have been due not later than December 8, 2017. No objections were filed, and

Judge Rice adopted the Supplemental Report and denied the Fed. R. Civ. P. 60(b) Motion on December 13, 2017. Parrish's Notice of Appeal is timely when calculated from that date, which is the date of judgment on the Rule 60(b) Motion.

Because this is a habeas corpus case, the Sixth Circuit requires this Court to decide if a certificate of appealability, limited to the issues raised in the 60(b) motion, should be granted. Because reasonable jurists would not disagree with denial of that motion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 27, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).