# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM A. PARRISH, JR.,

    Petitioner,   :  Case No. 3:16-cv-486

 - vs -          District Judge Walter Herbert Rice
              Magistrate Judge Michael R. Merz

WARDEN, Marion
 Correctional Institution,
             :
    Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

   This case is before the Court on Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(3) (ECF Nos. 51 & 58). As a post-judgment motion in a habeas corpus case, it is deemed referred to the undersigned for report and recommendations under 28 U.S.C. § 636(b)(2)(3) and this Court's General Order of Assignment and Reference.

   Petitioner seeks relief from the final judgment in this case dismissing his Petition under Fed. R. Civ. P. 60(b)(3) on the grounds that the judgment was procured by the fraud of Assistant Attorney General Jerri L. Fosnaught, Respondent's trial attorney in this matter.

   Because the Motion challenges the integrity of this Court's judgment rather than raising a new claim attacking the underlying state court judgment, it is cognizable under Fed. R. Civ. P. 60 and does not require permission from the Sixth Circuit to proceed.

   Judgment in this case was entered September 5, 2017 (ECF Nos. 36 and 37). Petitioner

1

declares he submitted the original[1] of the instant motion to the prison mailing system on September 5, 2018 (ECF No. 53, PageID 2304). The Motion is therefore timely under Fed. R. Civ. P. 60(c).

Parrish argues Attorney Fosnaught committed fraud by filing an altered certification page of the trial transcript (ECF No. 58, PageID 2317). The issue of the allegedly falsified certification page has already been dealt with in this case. In his Decision and Entry dismissing the case, Judge Rice wrote

> Parrish raises three main objections that address the Magistrate Judge's procedural default conclusion: (1) competent appellate counsel was never appointed; (2) he responded to the Appellate Court's show cause order, rendering that Court's dismissal of his appeal improper; and (3) he was never provided a complete and accurate copy of the trial transcript, which constituted a denial of due process and rendered an appeal impossible. Doc. #31. As to Parrish's third objection, the Court notes that the only true error identified by Parrish was the insertion of the certification page for the case of *State v. Pugh*. Yet, the State of Ohio corrected this error by including the certification page for Parrish's trial. More importantly, Parrish does not explain how he was prejudiced by the improper certification page. Specifically, he does not argue, much less designate evidence, that there is any relationship between the inaccurate certification page and any of the 476 alleged omissions that he supposedly identified.

(ECF No. 36, PageID 2245). This Court denied Parrish a certificate of appealability and he then sought a certificate from the Sixth Circuit. That court denied a certificate, holding:

> Parrish appears to argue that his procedural default should be excused because the State failed to provide him with an adequate trial transcript to perfect his appeal, and the State failed to appoint him effective counsel, thus forcing him to proceed pro se. First, as the district court noted, the state court did provide Parrish with a trial transcript, although he disputed its accuracy. Yet he has failed to demonstrate that the trial transcript provided contains any material errors or omissions.

*Parrish v. Wainwright,* Case No. 17-4051 (6th Cir. Mar. 8, 2018)(unreported; copy at ECF No. 51).

---

[1] The Motion before the Court is the substituted Motion for Relief. The original Motion was not signed and the Magistrate Judge required signature under Fed. R. Civ. P. 11. (ECF No. 54).

This amounts to a determination not only that Parrish's claim is without merit, but that reasonable jurists could not debate the point.

Parrish has submitted no new evidence of fraud, but merely reargues the point he previously made unsuccessfully in this Court and the Sixth Circuit. His Motion should therefore be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 27, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).