# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM A. PARRISH, JR.,

                Petitioner,        :        Case No. 3:16-cv-486

    - vs -                             District Judge Walter H. Rice
                                      Magistrate Judge Michael R. Merz

Warden, Marion
  Correctional Institution

                              :

               Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (ECF No. 62) to the Magistrate Judge's Report and Recommendations (ECF No. 60) recommending that Petitioner's Motion for Relief from Judgment (ECF No. 58) be denied. District Judge Rice has recommitted the matter for reconsideration in light of the Objections (ECF No. 64).

Judge Rice entered judgment in this case September 5, 2017 (ECF Nos. 36 & 37). As part of the final order, the Judge dealt with Petitioner's claims about the allegedly falsified transcript certification page (ECF No. 36, PageID 2232, 2245) and expressly denied a certificate of appealability (PageID 2248). Parrish appealed (ECF No. 38; Sixth Cir. Case No. 17-4051). The Sixth Circuit also denied a certificate of appealability (ECF No. 51)

Despite the pendency of the appeal, Parrish moved for relief from judgment, again raising issues about the trial transcript (ECF No. 39). Ultimately Judge Rice denied that Motion (ECF No. 45). Parrish again appealed (ECF No. 46) and the Sixth Circuit again denied a certificate of appealability (ECF No. 52).

1

Parrish filed another Motion for Relief from Judgment (ECF No. 58) which the Magistrate Judge has recommended be denied (Report, ECF No. 60). In his present Objections, seeks relief from judgment on the ground that Assistant Attorney General Fosnaught "deliberately FORGED the certification page attached to Petitioner's trial transcript with the sole purpose to mislead this Court in rendering its decision in Petitioner's habeas corpus proceedings." (ECF No. 62, PageID 2334). He asserts this alleged fact entitles him to relief from judgment under Fed. R. Civ. P. 60(b)(3) on the ground that this fraudulent act by Attorney Fosnaught resulted in the judgment.

Parrish's Motion is without merit for the following reasons:

First of all, the issue has already been decided by Judge Rice who, along with the Sixth Circuit, found it was not sufficiently debatable to warrant an appeal.

Second, the Certificate in question, which appears at ECF No. 18-3, PageID 1403 bears the signatures of seven transcriptionists with AVTranz, the firm which transcribed the testimony from Parrish's trial. No evidence has been offered that any one of those signatures is not the genuine signature of the persons signing, much less that any forgery was committed by Attorney Fosnaught. Common Pleas Judge Dankof determined the initially inaccurate certification page was the result of "sloppy clerical detail by AVTranz" and he ordered that firm to prepare a completely new transcript (Order Denying New Trial, State Court Record ECF No. 18, PageID 412-13). Judge Dankof's factual determination is entitled to deference from this Court which it has already repeatedly received.

Third, Parrish claims "he is not arguing or challenging the dismissal of his habeas petition, but asserting a new claim of fraud upon the court by A.A.G. Fosnaught. . . ." (ECF No. 62, PageID 2336). This is not a "new" claim, but repetition of a claim previously made and rejected. It is well settled that a motion for relief from judgment under Fed. R. Civ. P. 60(b) is not a substitute for

appeal. *Polites v. United States*, 364 U.S. 426 (1960); *Ackerman v. United States*, 340 U.S. 193 (1950). Parrish reasserts his claim of fraud in the face of a ruling by this Court that there was no fraud, but also by this Court and the Sixth Circuit that the issue would not be debatable among reasonable jurists.

Fourth, the Motion is untimely. Under Fed. R. Civ. P. 60(c), a motion under 60(b)(3) must be made within one year of judgment. Judgment was entered in this case on September 5, 2017, but Parrish did not file the instant Motion until September 19, 2018, when he deposited it in the inmate filing system (See ECF No. 58, PageID 2320).

Finally, the Motion is substantively without merit. The Court did not enter judgment against Parrish because it had been "defrauded" by Respondent's counsel. Rather, the Court knew of Parrish's allegations of fraud before judgment and resolved them against him.

**Frivolous Filings**

Fed. R. Civ. P. 11 provides

> (b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

>(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The standard of conduct imposed on parties and attorneys by amended Rule 11 is reasonableness under the circumstances. *INVST Financial Group v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 401 (6th Cir. 1987); *See also Business Guides, Inc., v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533 (1991); *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987); *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790 (6th Cir. 1988). The court must test the signer's conduct by inquiring what was reasonable to believe at the time of signing, and must avoid using the "wisdom of hindsight." *Mann v. G&G Mfg., Inc.*, 900 F.2d 953 (6th Cir. 1990); *Century Products, Inc., v. Sutter*, 837 F.2d 247 (6th Cir. 1988); *INVST, supra*, at 401; *Davis v. Crush*, 862 F.2d 84, 88 (6th Cir. 1988). The Rule includes both a duty to investigate the facts, *Albright v. Upjohn,* 788 F.2d 1217 (6th Cir. 1986), and the law, *INVST, supra*, at 402.

In the opinion of the undersigned, Petitioner's continued presentation of his fraudulent transcript argument is in violation of Rule 11. Further repetitive filings of this sort will result in the recommendation of sanctions under Rule 11.

**Conclusion**

Having reconsidered the Motion in light of the Objections, the Magistrate Judge again recommends the Motion be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify

to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 9, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).