# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM A. PARRISH, JR.,

        Petitioner,     :     Case No. 3:16-cv-486

  - vs -                        District Judge Walter H. Rice
                                Magistrate Judge Michael R. Merz

Warden, Marion
  Correctional Institution

                               :

        Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION TO CORRECT THE JUDGMENT

This case is before the Court on Petitioner's Motion to Correct the Judgment (ECF No. 70). As a post-judgment motion, it is deemed referred to the assigned Magistrate Judge under 28 U.S.C. § 636(b)(2)(3).

Parrish complains that the Court's judgment (Amended Order, ECF No. 67) did not consider his timely Objections to the Supplemental Report and Recommendations (ECF No. 65) recommending that his Motion for Relief from Judgment (ECF Nos. 51 and 58) be denied.

The docket shows that the Supplemental Report was filed November 9, 2018, and sent by the Clerk to Parrish by regular mail on the same date. That makes November 9, 2018, the date of service of the Supplemental Report. Fed. R. Civ. P. 5(b)(2)(B). The Report advised Petitioner that he had seventeen days to file objections; the fourteen days for objections provided by Fed. R. Civ. P. 72(b) were extended to seventeen days because Parrish was being served by mail (ECF No. 65, PageID 2348.) Seventeen days from November 9, 2018, is November 26, 2018.

Parrish's Objections (ECF No. 69) do not include a certificate of service. The envelope in which they were received by the Clerk is postmarked November 30, 2018 (ECF No. 69-1, PageID 2359). Separate from the Objections, Parrish filed a Declaration of Inmate Filing (ECF No. 68) in which he declares under penalty of perjury[1] that he deposited his Objections in the London Correctional Institution internal mail system on November 26, 2018. That document also was mailed in an envelope postmarked November 30, 2018. *Id.* at ECF No. 68-1, PageID 2352.

As an imprisoned person, Parrish can effectively file documents with the Court by depositing them in the prison mail system. *Houston v. Lack*, 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). However, the Court is not obliged to accept a prisoner's representation of when a filing was deposited, especially where, as here, the postmark which could corroborate the deposit does not do so. A similar process seems to have happened with the instant Fed. R. Civ. P. 59(e) Motion: It has an attached Declaration of Inmate Filing dated December 17, 2018, but was not received by the Clerk until December 28, 2018. Parrish improperly addressed it to the Columbus location of Court and it is postmarked December 27, 2018, ten days after it was purportedly deposited in the internal prison mail system.

Assuming the truth of Parrish's Declaration of Inmate Filing on his Objections, they were timely filed. Judge Rice's Amended Order denying Parrish's Rule 60(b) Motion does not reflect any consideration of those Objections. Although the Objections and accompanying Declaration of Inmate Filing have been given docket numbers preceding Judge Rice's Orders and are shown as filed by the Clerk on December 3, 2018, they were in fact received by the Clerk after Judge Rice's Orders.

---

[1] The document also bears the jurat of Notary Public Morgan T. Slone. However, it does not contain her notarial seal which is required to authenticate the jurat. Ohio Revised Code § 147.04. PageID 2351. The same thing is true of Ms. Slone's jurat on the Declaration of Inmate Filing attached to the Motion to Correct. ECF No. 70, PageID 2364.

Merely because the Objections may have been timely filed does not require that the judgment be amended.

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ*. 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), *accord, Nolfi v. Ohio Ky. Oil Corp*., 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.,* 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. Id. Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.*

In both sets of Objections (ECF No. 62 and 69), Parrish seeks to raise again his claim that judgment should be set aside because it was obtained by fraud on the Court committed by Respondent's counsel. This issue has been repeatedly adjudicated. This Court through District Judge Rice has determined that the Court was not misled by the actions of Assistant Attorney General Fosnaught.

> As to Parrish's third objection, the Court notes that the only true error identified by Parrish was the insertion of the certification page for the case of *State v. Pugh*. Yet, the State of Ohio corrected this error by including the certification page for Parrish's trial. More importantly, Parrish does not explain how he was prejudiced by the improper certification page. Specifically, he does not argue, much less designate evidence, that there is any relationship between the inaccurate certification page and any of the 476 alleged omissions that he supposedly identified.

(Decision and Entry of September 5, 2017, ECF No. 36, PageID 2245).

In the same Decision, Judge Rice concluded this issue was not debatable among reasonable jurists and denied Parrish a certificate of appealability on that basis. *Id.* Parrish nonetheless appealed and sought a certificate of appealability from the Sixth Circuit. That court also denied a certificate, holding:

> Parrish appears to argue that his procedural default should be excused because the State failed to provide him with an adequate trial transcript to perfect his appeal, and the State failed to appoint him effective counsel, thus forcing him to proceed pro se. First, as the district court noted, the state court did provide Parrish with a trial transcript, although he disputed its accuracy. Yet he has failed to demonstrate that the trial transcript provided contains any material errors or omissions.

*Parrish v. Wainwright,* Case No. 17-4051 (6th Cir. Mar. 8, 2018)(unreported; copy at ECF No. 51).

Parrish's Rule 59(e) Motion presents nothing new by way of fact or law. This Court was not defrauded into granting judgment to Respondent.

**Conclusion**

Based on the foregoing analysis, the Motion to Correct the Judgment should be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a

certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 31, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).