IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM A. PARRISH, JR.,
: 
    Petitioner,

v.
:   Case No. 3:16-cv-486

LYNEAL WAINWRIGHT,
    JUDGE WALTER H. RICE
Warden, Marion Correctional
Institution,
:

    Respondent.

---

DECISION AND ENTRY ADOPTING IN FULL REPORT AND
RECOMMENDATIONS OF MAGISTRATE JUDGE (DOC. #71) AND
OVERRULING PARRISH'S OBJECTIONS THERETO (DOC. #72);
OVERRULING PETITIONER'S MOTION TO CORRECT THE
JUDGMENT (DOC. #70); DENYING CERTIFICATE OF
APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*;
JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST
PETITIONER; TERMINATION ENTRY

---

On December 28, 2018, William A. Parrish, Jr. ("Petitioner" or "Parrish"), a *pro se* Ohio prisoner, filed a motion, pursuant to Fed. R. Civ. P. 59(e), requesting that the Court correct its judgment filed December 5, 2018. Doc. #70. That judgment is entitled Amended Order Adopting Supplemental Report and Recommendations ("Amended Order"). Doc. #67. Petitioner argues that although he had filed timely objections to the Amended Order, this Court's Amended Order stated that "no objections have been filed" and, as a result, the Court failed to consider them. Doc. #70. Because Petitioner's Rule 59(e) motion was a post-

judgment motion, it was referred to Magistrate Judge Merz pursuant to 28 U.S.C. § 636(b)(2)(3).

On December 31, 2018, the Magistrate Judge issued his Report and Recommendations on Petitioner's Motion to Correct the Judgment, Doc, #71. He found that although the objections were timely, Doc. #71, PAGEID#2367, the Report and Recommendations claim of fraud, as raised in Doc. #62 and 69, has "been repeatedly adjudicated." *Id.* Accordingly, because the Rule 59 (e) motion presents "nothing new by way of fact or law," the Court was not defrauded into granting judgment to Respondent. Doc. #71, PAGEID#2369.

On January 16, 2019, Petitioner timely filed objections to the Report and Recommendations. Doc. #72. Petitioner contends that Magistrate Judge Merz is biased and that counsel for Respondent has never contested the allegation that she altered the certification page. Additionally, Petitioner contends that the objections were timely field and the claim by Magistrate Judge Merz that the alleged fraud concerning the certification page has been "repeatedly adjudicated" is false. *Id.*, PAGEID#2372-2373.

### I. Procedural Background

In *Parrish v. Wainwright*, No. 17-4051, 2018 WL 1614140 (6th Cir. Mar. 8, 2018), the Sixth Circuit reviewed this Court's denial of Petitioner's 28 U.S.C. § 2254 habeas petition. The petition, filed in 2016, raised thirty-two grounds for relief. Magistrate Judge Merz recommended that the petition be denied because Parrish

had procedurally defaulted all of his grounds. This Court adopted the recommendation, denied Parrish's petition and declined to issue a certificate of appealability COA. Doc. #36. The Sixth Circuit affirmed this Court noting that "[R]easonable jurists would not debate that Parrish procedurally defaulted his claims by failing to file an appellate brief." *Id.*, *2. The Court also found no merit to Petitioner's argument that any procedural default should be excused because he was allegedly not provided an "adequate trial transcript" since he failed to prove that the transcript that he had been provided contained any "material errors or omissions." *Id.* Additionally, Petitioner's claim that there was ineffective assistance of counsel was itself procedurally defaulted because it was not raised at the trial court level. Finally, the Court found that "reasonable jurists would not disagree that Parrish failed to exhaust his claims by not appealing to the Ohio Supreme Court." (citations omitted). *Id.* This Court's denial of the COA application was affirmed by the Sixth Circuit and "his motions to proceed in forma pauperis and for appointment of counsel" were denied as moot. *Id.*

Following this Court's decision but before the Sixth Circuit issued its opinion, Petitioner filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60. Doc. #39.

The Rule 60 (a) motion was referred to Magistrate Judge Merz who recommended to this Court that the motion be dismissed and warned that that any failure by the Petitioner to file specific objections "may forfeit rights on appeal." Doc. #41. Petitioner's objections, however, consisted of asserting that the

3

Magistrate Judge was biased because Parrish had filed a judicial misconduct complaint against him. Doc. #42. Following a recommittal order to the Magistrate Judge, Doc. #42, a supplemental report was filed, Doc. #44, and because there were no objections, the supplemental report was adopted by this Court. Doc. #45. In *Parrish v. Wainwright*, No. 18-3003, 2018 WL 3244401, (6th Cir. May 10, 2018), the Sixth Circuit found that any claim of bias by the Magistrate Judge was simply "dissatisfaction with the magistrate judge's rulings and provide an insufficient basis for a disqualification motion." *Id*. *2. Although the Court further found that Petitioner failed to state "specific objections" for the denial of the Rule 60(a) motion and thus forfeited review of his claims, the Court stated that even assuming objections had been properly filed, a Rule 60(a) motion "may not be used in 'instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination.'" *Id*. (citing *Braun v. Ultimate Jetcharters*, LLC, 828 F.3d 501, 515 (6th Cir. 2016), quoting *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002). The Sixth Circuit then denied the COA application and found that the motion to proceed in forma pauperis was moot.

**II.   Legal Analysis**

Petitioner argues that because this Court's earlier Amended Order failed to consider his objections, it must be amended. The Report and Recommendations, Doc. #71, however, correctly analyzed Petitioner's Rule 59(e) motion and recommended that it be denied. "Under Rule 59, a court may alter the judgment

4

based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish and Wildlife Service*, 616 F.3d 612 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir.2005). Petitioner's only argument in his Rule 59(e) motion, Doc. #70, to alter or amend this Court's Amended Order, Doc. #67, is based on his claim that the trial transcript and certification were somehow incomplete and altered and that counsel for the Respondent committed a fraud upon the Court. As succinctly stated by the Magistrate Judge, however, the issue of this so-called fraud allegedly committed by Respondent's counsel has been "repeatedly adjudicated." Doc. #71, PAGEID#2368; *See, e.g.*, Doc. ##23, 24, 26, 29, 30, 36, 39, 58. As such, Petitioner's motion is nothing more than "an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367 (6th Cir. 1998) (citation omitted). Accordingly, Petitioner's motion pursuant to Fed. R. Civ. P. 59 (e) is overruled.

In the objections filed by Petitioner, Doc. #72, Parrish cites four reasons in support of his Rule 59(e) motion. The first reason is that the Magistrate Judge is "acting outside of his authority" and has "shown clear bias." Doc. #72, PAGEID#2372. Because Petitioner's Rule 59(e) motion was a post-judgment motion, however, it was appropriately referred to Magistrate Judge Merz pursuant to 28 U.S.C. § 636(b)(2)(3). Moreover, any alleged bias by Magistrate Judge Merz has previously been reviewed by the Sixth Circuit and found to be nothing more than Petitioner's dissatisfaction with his rulings. *Parrish v. Wainwright*, No. 18-

5

3003, 2018 WL 324401, *2 (6th Cir. May 10, 2018). Petitioner's second argument in support of his objections is that counsel for Respondent has never contested that she altered the certification page. Doc. #72, PAGEID#2372. This assertion is also incorrect since Respondent addressed this allegation in detail in the Motion to Dismiss. Doc. #19, PAGEID##1411-12 and 1432-33. Petitioner next argues that Magistrate Judge Merz incorrectly concluded that his objections were not timely filed. Doc. #71, PAGEID#2367. The Magistrate Judge, however, did not conclude that the objections were untimely. In fact, after analyzing the timeliness issue, the Report and Recommendations specifically found the objections to be timely. ("Assuming the truth of Parrish's Declaration of Inmate Filing on his Objections, they were timely filed."). *Id.* Finally, Petitioner argues that his objections are meritorious because the Magistrate Judge incorrectly stated that the alleged fraud committed by Respondent had been "repeatedly litigated." As stated previously, the docket establishes that this assertion is correct.

### III. Conclusion

Accordingly, the Court overrules Petitioner's Motion Pursuant to Fed. R. Civ. P. 59 (e), Doc. #70, adopts in its entirety the Report and Recommendations on Motion to Correct the Judgment, Doc. #71, and overrules Petitioner's objections, Doc. #72.

Judgment is to enter in favor of Respondent and against Petitioner.

Because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court of the Southern District of Ohio, Western Division, at Dayton.

Date: September 23, 2019

*/s/ Walter H. Rice*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE