# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM A. PARRISH, JR.,

              Petitioner,      :      Case No. 3:16-cv-486

   - vs -                              District Judge Walter H. Rice
                                        Magistrate Judge Michael R. Merz

Warden, Marion
  Correctional Institution

                              :

              Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION TO ALTER OR AMEND THE JUDGMENT

This case is before the Court on Petitioner's Motion to Alter or Amend the Judgment (ECF No. 74). As a post-judgment motion, it is deemed referred to the assigned Magistrate Judge under 28 U.S.C. § 636(b)(2)(3).

Parrish's entire memorandum in support reads:

> First, the Court claim that it has made a direct decision on the fraud committed by Assistant Attorney General Jerri L. Fosnaught, when she deliberate altered a official court document (Exhibit A), and filed it to deceived this Court (Exhibit B) in the Petitioner habeas corpus proceedings. This Court has never decided, or made a ruling on if those document where altered. Nor has this Court held A.A.G. Fosnaught accountable for her misconduct. A.A.G. Fosnaught is not above the law, and should be held accountable for her actions.
>
> Petitioner pleads with this Court to amend its judgment and make a clear conclusive rulirg.cn the fact, if A.A.G. Fosnaught committed fraud or not, because there is no such ruling determining if A.A.G. Fosnaught committed fraud in Petitioner's habeas corpus proceedings.

(ECF No. 74, PageID 2387).

The key finding regarding the allegation of fraud by Ms. Fosnaught was made by Judge Rice in dismissing Parrish's habeas corpus petition: "Parrish's allegation that Fosnaught twice altered the certification page -- even if true -- does not permit the reasonable inference that she or anyone else altered the substance of the trial transcript." *Parrish v. Wainwright*, 2017 U.S. Dist. LEXIS 143247 *23 (S.D. Ohio Sept. 5, 2017)(copy at ECF No. 36). Parrish raised that issue on appeal and the Sixth Circuit decided "as the district court noted, the state court did provide Parrish with a trial transcript, although he disputed its accuracy. Yet he has failed to demonstrate that the trial transcript provided contains any material errors or omissions." *Parrish v. Wainwright,* Case No. 17-4051 (6th Cir. Mar. 8, 2018)(unreported; copy at ECF No. 51, PageID 2297), cert. denied, 139 S. Ct. 433 (2018).

Parrish has now attempted on numerous occasions to obtain relief from this Court's final judgment (See ECF Nos. 39, 53, 58, 70). Each of these requests has been rejected by the Court, most recently in the Decision and Entry of September 24, 2019 (ECF No. 73).

The instant Motion presents nothing new by way of fact or law. Instead, Parrish says he wants a clear ruling on whether or not Assistant Attorney General Fosnaught "altered" the signature page of this trial transcript. But federal courts sit only to decide cases or controversies, not to decide immaterial questions of fact or law. As Judge Rice has already held, even if Ms. Fosnaught "altered" that page, it does not affect the outcome of the case. The Court was not deceived by any such action, so the judgment is not subject to vacation because of fraud on the Court. This Court has already decided all of Parrish's habeas corpus claims are procedurally defaulted and that decision has been upheld by the Sixth Circuit. That is now the law of the case and this Court is bound by it.

**Conclusion**

The Motion to Alter or Amend the Judgment should be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 21, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).